**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ESMERALDA JASMINE MENDEZ** | § | |
| **AND EVELAIDY MENDEZ** | § | |
| | § | |
| **V** | § | **CIVIL ACTION NO. 3:20-cv-270** |
| | § | |
| **FIT TRANSPORT LOGISTICS,** | § | |
| **INC., DIALVAN, INC. AND** | § | |
| **HERMILO   GARZA, JR.** | § | |

<u>**NOTICE OF REMOVAL**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **FIT TRANSPORT LOGISTICS, INC., DIALVAN, INC. AND HERMILO GARZA, JR.,** Defendants in the above-referenced matter, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this civil action from the 341st District Court of Webb County, Texas where it is currently pending as Cause Number 2020CVA001400D3, to the United States District Court for the Western District of Texas, El Paso Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiffs Esmeralda Jasmine Mendez and Evelaidy Mendez are residents, citizens, and domiciliaries of the State of Florida, Defendant Fit Transport Logistics, Inc. is corporation and a resident of the State of Texas doing business with a principal office in Laredo, Texas. Defendant Hermilo Garza, Jr. is an individual residing in Laredo, Texas. Defendant Dialvan, Inc. is a corporation and a resident of the State of Texas doing business with a principal office in San Antonio, Texas.

# I.
# BACKGROUND

On August 11, 2020, a lawsuit was filed in the 341st District Court of Webb County, Texas where it is currently pending as Cause Number 2020CVA001400D3 (Exhibit A, *Original Petition*). In that Petition Plaintiffs' pleading established complete diversity between the parties; however, Plaintiffs failed to allege a dollar amount in damages as required under Texas Rules of Civil Procedure Rule 47 (*Id.* at Section II and VIII).

All Defendants have been served with this lawsuit. Defendant FIT was served with process on September 30, 2020. Defendant Dialvan was served with process on October 3, 2020. Defendant Garza was served with process on October 4, 2020. Plaintiff asserts Negligence and Respondeat Superior allegations in the Petition. The allegations stem from a collision between Defendants' tractor-trailer vehicle and Plaintiffs' sport utility vehicle.

On October 23, 2020, Plaintiffs filed their First Amended Petition alleging "their damages exceed $1,000,000, but are not in excess of $25,000.000" (Exhibit B, *First Amended Petition*, p. 5, para. 8.1). This statement in the First Amended Petition is the first time that it may first be ascertained that the case is one which is or has become removable. (28 U.S. Code § 144(b)(3)). As such, Defendants file this Notice of Removal.

# II.
# GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

**1.      The Amount-In-Controversy Requirement is Satisfied.**

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)).  Plaintiff Esmeralda Mendez alleges that she suffered catastrophic injuries, including paraplegia, as a result of Defendants' conduct.  Plaintiff Evelaidy Mendez is the biological mother of Esmeralda Mendez.  She alleges pecuniary loss as well.  On October 23, 2020, Plaintiffs filed their First Amended Petition alleging "their damages exceed $1,000,000, but are not in excess of $25,000.000" (Exhibit B, *First Amended Petition*, p. 5, para. 8.1).  This statement in the First Amended Petition is the first time that it may first be ascertained that the case is one which is or has become removable. (28 U.S. Code § 144(b)(3)).  Thus, if Plaintiffs prevail in his action, the pecuniary result the judgment would directly produce is the return of more than $75,000.00.  Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

**2.      Complete Diversity of Citizenship Exists**

In their live pleading Plaintiffs allege they are permanent residents of Fort Lauderdale, Broward County, Florida Exhibit B, *First Amended Petition*, p. 5, para. 2.1 - 2.2).  Plaintiffs allege that Defendant Fit Transport Logistics, Inc. is a Texas corporation doing business in Texas (*Id.* at para. 2.3).   Plaintiff alleges that defendant Dialvan, Inc. is a Texas corporation doing business in Texas (*Id.* at para. 2.4).  Finally, Plaintiffs allege that Defendant Garza, Jr. is an individual residing in Laredo, Texas (*Id.* at para. 2.5).  As such, complete diversity exists pursuant to (28 U.S.C. § 1332(a)(1).

3.     **The Other Prerequisites for Removal Are Satisfied.**

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B).

On August 11, 2020, a lawsuit was filed in the 341st District Court of Webb County, Texas where it is currently pending as Cause Number 2020CVA001400D3 (Exhibit A, *Original Petition*).  In that Petition Plaintiffs' pleading established complete diversity between the parties; however, Plaintiffs failed to allege a dollar amount in damages as required under Texas Rules of Civil Procedure Rule 47 (*Id.* at Section II and VIII).

On October 23, 2020, Plaintiffs filed their First Amended Petition alleging "their damages exceed $1,000,000, but are not in excess of $25,000.000" (Exhibit B, *First Amended Petition*, p. 5, para. 8.1).  This statement in the First Amended Petition is the first time that it may first be ascertained that the case is one which is or has become removable. (28 U.S. Code § 144(b)(3)). As such, Defendants file this Notice of Removal.

This action is properly removed to the United States District Court for the Western District of Texas, El Paso Division, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2), Title 28 U.S.C. § 1446(a), requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action to be included with this Notice of Removal.

WHEREFORE, **FIT TRANSPORT LOGISTICS, INC., DIALVAN, INC. AND HERMILO GARZA, JR.,** as parties in diversity with the Plaintiffs, respectfully request that this action be immediately and entirely removed upon filing this Notice of Removal to the United States District Court for the Western  District of Texas, El Paso Division, and for such other and

further relief to which it may show itself to be justly entitled.

Respectfully submitted,

**COX P.L.L.C**

**/s/ Clinton Cox**
Clinton V. Cox, IV
State Bar No. 24040738
ccox@coxpllc.com
Dennis Postiglione
State Bar No. 24041711
dpostiglione@coxpllc.com
8144 Walnut Hill Lane, Suite 1090
Dallas, Texas 75231
Tel: (214) 444-7640
Fax: (469) 340-1884

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been served on all attorneys of record pursuant to the Federal Rules of Civil Procedure on this the 29th day of October of 2020.

*/s/ Dennis Postiglione*
Dennis Postiglione

Filed
8/11/2020 3:25 PM
Esther Degollado
District Clerk
Webb District
Diana Vela
2020CVA001400D3

2020CVA001400D3
CAUSE NO. _____

| | | |
|---|---|---|
| ESMERALDA JASMINE MENDEZ and EVELAIDY MENDEZ, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| vs. | § § | 341^st^ JUDICIAL DISTRICT |
| FIT TRANSPORT LOGISTICS, INC., DIALVAN, INC. and HERMILO GARZA, JR. | § § § § | |
| *Defendants.* | § | _____ WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND DISCOVERY TO DEFENDANTS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Esmeralda Jasmine Mendez and Evelaidy Mendez, Plaintiffs herein, and file this their Original Petition and Request for Disclosures, complaining of FIT TRANSPORT LOGISTICS, INC. (hereinafter "FIT TRANSPORT"), DIALVAN, INC. (hereinafter "DIALVAN") and Hermilo Garza Jr. (hereinafter "GARZA") Defendants, and for cause of action would respectfully show unto the Court as follows:

### I. DISCOVERY TRACK

1.1 Plaintiffs pleads that this case should be assigned to Discovery Track Three.

### II. THE PARTIES

2.1 Plaintiff, Esmeralda Jasmine Mendez, is a legal permanent resident of the United States, who permanently resides in Fort Lauderdale, Broward County Florida.

2.2 Plaintiff, Evelaidy Mendez, is a legal permanent resident of the United States, who permanently resides in Fort Lauderdale, Broward County Florida.

2.3 Defendant, FIT TRANSPORT LOGISTICS, INC. is a Texas corporation, doing business, engaging in business and transacting business in the state of Texas, and

**EXHIBIT A**

may be served with citation by serving its Texas registered agent for service:  Jaime Diaz, 8427 El Gato Road Laredo, TX 78045.

2.4     Defendant, DIALVAN, INC. is a Texas corporation, doing business, engaging in business and transacting business in the state of Texas, and may be served with citation by serving its Texas registered agent for service:  Jaime Diaz 22300 Muddy Peak Drive San Antonio, TX 78245.

2.5     Defendant, Hermilo Garza Jr., an individual and may be served at his residence at 2804 Tinaja Street Laredo, TX 78046.

## III.  VENUE

3.1     Venue is proper in Webb County pursuant to Section 15.002(a)(2) of the Texas Civil Practice & Remedies Code, because Webb County is the county of Defendant, Hermilo Garza Jr.'s residence at the time the cause of action occurred.

## IV.  FACTS

4.1     On or about July 1, 2018, Barbara Suarez was traveling northbound on the left lane of Highway 35 near milepost 40 near Cotulla, Texas.  Defendant Hermilo Garza Jr., while in the course and scope of his employment was operating a 2015 Freightliner tractor owned by Fit Transport Logistics, Inc. and a 2005 Wabash National Corp trailer owned by Dialvan, Inc. was also traveling northbound on Interstate Highway 35.  The actions/omissions of Mr. Garza, in operating/maintaining his tractor trailer and/or the actions/omissions of Fit Transport and Dialvan in maintaining the tractor/trailer were/was a proximate cause of Barbara Suarez's vehicle rolling and causing catastrophic, permanent and disabling injuries to Esmeralda Jasmine Mendez.

## V. NEGLIGENCE OF FIT TRANSPORT LOGISTICS, INC.

5.1     At the time of the accident, FIT TRANSPORT was the owner/operator of the 2015 Freightliner Tractor Truck driven by Hermilo Garza, Jr. Hermilo Garza, Jr. was under the control of FIT TRANSPORT, as an employee and/or agent of FIT TRANSPORT and was acting within the course and scope of his employment. Therefore, FIT TRANSPORT is vicariously responsible for the negligence and negligence per se of Hermilo Garza, Jr. based on the theory of *Respondeat superior*.

5.2     Plaintiffs further assert and allege that at the time of the collision made the basis of this suit that Defendant, FIT TRANSPORT, was guilty of various acts and/or omissions which constituted negligence, which was a proximate cause of the occurrence in question. Paragraph 4.1 is incorporated herein for reference to the facts.

## VI. NEGLIGENCE OF DIALVAN, INC.

6.1     At the time of the accident, DIALVAN, INC. was the owner of the trailer pulled by Hermilo Garza, Jr. DIALVAN, INC. did not properly maintain and repair the trailer in question, and that failure to act a reasonably prudent owner of such a trailer used on the public highways was a proximate cause of the collision.

6.2     Plaintiffs further assert and allege that at the time of the collision made the basis of this suit that Defendant, DIALVAN, INC., was guilty of various acts and/or omissions which constituted negligence, which was a proximate cause of the occurrence in question. Paragraph 4.1 is incorporated herein for reference to the facts.

## VII. NEGLIGENCE OF HERMILO GARZA JR.

7.1     At the time and on the occasion in question, Defendant, GARZA, while operating said tractor-trailer within the course and scope of his employment for FIT TRANSPORT and while operating said tractor-trailer for and on behalf of and with FIT

TRANSPORT's and DIALVAN's permission, failed to use ordinary care by various acts and omissions which were a proximate cause of the occurrence in question.  Paragraph 4.1 is incorporated herein for reference to the facts.

## VIII.   DAMAGES

8.1    Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation.  Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances, which said amount is in excess of One Million Dollars.

## A.    PERSONAL INJURY DAMAGES OF ESMERALDA JASMINE MENDEZ

8.2    As a result of the incident in question, Plaintiff Esmeralda Jasmine Mendez has sustained disabling injuries, physical pain and mental anguish.  Plaintiff Esmeralda Jasmine Mendez has sustained past and future reasonable and necessary medical expenses for the care and treatment of her injuries, a loss of wages and loss of earning capacity, both past and future, physical impairment, both past and future, physical pain and mental anguish, both past and future, disfigurement, loss of household services, and a diminution of enjoyment of life, both past and future, all to his damage in an amount which has not been ascertained, but which is in excess of the minimum jurisdictional limits of this court.

## B.    DAMAGES OF EVELAIDY MENDEZ

8.3    As a result of the incident in question, Evelaidy Mendez has incurred reasonable and necessary medical expenses in the past relating to the medical care received by Esmeralda Jasmine Mendez who was a minor when the incident in question

occurred.  Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

### IX.   PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1    Plaintiffs seeks pre-judgment and post-judgment interest as allowed by law.

### X.   DISCOVERY TO DEFENDANTS

10.1    Pursuant to Rule 194, each Defendant is hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2, Texas Rules of Civil Procedure.

10.2    Written Interrogatories, Requests for Production and Requests for Admission are being served on Defendants contemporaneously with this Petition.

### XI.   JURY DEMAND

11.1    Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendants for their actual and exemplary damages, jointly and severally, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, LLP.**
123 North Carrizo Street
Corpus Christi, TX  78401

Page 5

Telephone:   (361) 885-7500
Facsimile:   (361) 885-0487

By:   */s/ David L. Rumley*
     David L. Rumley
     State Bar No. 00791581
     drumley@wigrum.com
     L. Cullen Moore
     cmoore@wigrum.com
     State Bar No.: 14360025
     **ATTORNEYS FOR PLAINTIFFS**

Filed
10/23/2020 3:14 PM
Esther Degollado
District Clerk
Webb District
Nora Ruiz
2020CVA001400D3

CAUSE NO. 2020CVA001400D3

| | | |
|---|---|---|
| ESMERALDA JASMINE MENDEZ and EVELAIDY MENDEZ, | § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § | |
| | § | |
| vs. | § | 341st JUDICIAL DISTRICT |
| | § | |
| FIT TRANSPORT LOGISTICS, INC., DIALVAN, INC. and HERMILO GARZA, JR. | § § § | |
| *Defendants.* | § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Esmeralda Jasmine Mendez and Evelaidy Mendez, Plaintiffs herein, and file this their First Amended Original Petition complaining of FIT TRANSPORT LOGISTICS, INC. (hereinafter "FIT TRANSPORT"), DIALVAN, INC. (hereinafter "DIALVAN") and Hermilo Garza Jr. (hereinafter "GARZA") Defendants, and for cause of action would respectfully show unto the Court as follows:

### I.   DISCOVERY TRACK

1.1     Plaintiffs pleads that this case should be assigned to Discovery Track Three.

### II.   THE PARTIES

2.1     Plaintiff, Esmeralda Jasmine Mendez, is a legal permanent resident of the United States, who permanently resides in Fort Lauderdale, Broward County Florida.

2.2     Plaintiff, Evelaidy Mendez, is a legal permanent resident of the United States, who permanently resides in Fort Lauderdale, Broward County Florida.

2.3     Defendant, FIT TRANSPORT LOGISTICS, INC. is a Texas corporation, doing business, engaging in business and transacting business in the state of Texas, and has been served and answered herein.

2.4     Defendant, DIALVAN, INC. is a Texas corporation, doing business,

**EXHIBIT B**

engaging in business and transacting business in the state of Texas has been served and answered herein.

2.5     Defendant, Hermilo Garza Jr., an individual has been served and answered herein.

## III.  VENUE

3.1     Venue is proper in Webb County pursuant to Section 15.002(a)(2) of the Texas Civil Practice & Remedies Code, because Webb County is the county of Defendant, Hermilo Garza Jr.'s residence at the time the cause of action occurred.

## IV.  FACTS

4.1     On or about July 1, 2018, Barbara Suarez was traveling northbound on the left lane of Highway 35 near milepost 40 near Cotulla, Texas.  Defendant Hermilo Garza Jr., while in the course and scope of his employment was operating a 2015 Freightliner tractor owned by Fit Transport Logistics, Inc. and a 2005 Wabash National Corp trailer owned by Dialvan, Inc. was also traveling northbound on Interstate Highway 35.  The actions/omissions of Mr. Garza, in operating/maintaining his tractor trailer and/or the actions/omissions of Fit Transport and Dialvan in maintaining the tractor/trailer were/was a proximate cause of Barbara Suarez's vehicle rolling and causing catastrophic, permanent and disabling injuries to Esmeralda Jasmine Mendez.

4.2     Mr. Garza did not keep his vehicles in his lane of traffic, but allowed his vehicles to come into Ms. Suarez's lane, striking her vehicle.  In addition, pieces of the truck and/or trailer came off of the truck and/or trailer, striking Ms. Suarez's vehicle. The truck/trailer coming into her lane and/or the items falling off the truck and/or trailer caused her to lose control of her vehicle, resulting in the rollover of her vehicle.  That contact with Ms. Suarez's vehicle by the trailer and/or the contact by the parts/pieces

from the truck and/or trailer was a proximate cause of the Plaintiffs' damages and injuries discussed herein.

4.3    Defendant Hermilo Garza was the operator of the tractor-trailer on July 1, 2018 and had the independent duty to operate it safely in his lane of traffic and to maintain the tractor trailer in a good condition, fit and safe for public travel.  He did not comply with these duties as he did not keep his vehicles in his lane of traffic and/or did not maintain the tractor and/or trailer sufficiently to prevent parts and pieces of same from falling off onto nearby vehicles.

4.4    Defendant FIT TRANSPORT was the owner/operator of the tractor and had a duty to maintain the tractor/trailer in a good condition, fit and safe for public travel.  It did not comply with these duties as it did not maintain the tractor and/or trailer sufficiently to prevent parts and pieces of same from falling off onto nearby vehicles.

4.5    Defendant DIALVAN, INC. was the owner/operator of the trailer and had a duty to maintain the trailer in a good condition, fit and safe for public travel.  It did not comply with these duties as it did not maintain the trailer sufficiently to prevent parts and pieces of same from falling off onto nearby vehicles.

## V.  <u>NEGLIGENCE OF FIT TRANSPORT LOGISTICS, INC.</u>

5.1    At the time of the accident, FIT TRANSPORT was the owner/operator of the 2015 Freightliner Tractor Truck driven by Hermilo Garza, Jr.  Hermilo Garza, Jr. was under the control of FIT TRANSPORT, as an employee and/or agent of FIT TRANSPORT and was acting within the course and scope of his employment.  Therefore, FIT TRANSPORT is vicariously responsible for the negligence and negligence per se of Hermilo Garza, Jr. based on the theory of *Respondeat superior*.

5.2    Plaintiffs further assert and allege that at the time of the collision made the basis of this suit that Defendant, FIT TRANSPORT, was guilty of various acts and/or

omissions which constituted negligence, which was a proximate cause of the occurrence in question.

5.3     Plaintiffs incorporate by reference into this paragraph V. each and all of the allegations contained in paragraphs 4.1 – 4.5 of this petition as though fully set forth herein.

## VI.  <u>NEGLIGENCE OF DIALVAN, INC.</u>

6.1     At the time of the accident, DIALVAN, INC. was the owner of the trailer pulled by Hermilo Garza, Jr.  DIALVAN, INC. did not properly maintain and repair the trailer in question, and that failure to act a reasonably prudent owner of such a trailer used on the public highways was a proximate cause of the collision.

6.2     Plaintiffs further assert and allege that at the time of the collision made the basis of this suit that Defendant, DIALVAN, INC., was guilty of various acts and/or omissions which constituted negligence, which was a proximate cause of the occurrence in question.

6.3     Plaintiffs incorporate by reference into this paragraph VI. each and all of the allegations contained in paragraphs 4.1 – 4.5 of this petition as though fully set forth herein.

## VII.  <u>NEGLIGENCE OF HERMILO GARZA JR.</u>

7.1     At the time and on the occasion in question, Defendant, GARZA, while operating said tractor-trailer within the course and scope of his employment for FIT TRANSPORT and while operating said tractor-trailer for and on behalf of and with FIT TRANSPORT's and DIALVAN's permission, failed to use ordinary care by various acts and omissions which were a proximate cause of the occurrence in question.

7.2     Plaintiffs incorporate by reference into this paragraph VII. each and all of the allegations contained in paragraphs 4.1 – 4.5 of this petition as though fully set forth herein.

## VIII.   DAMAGES

8.1     The amount of Plaintiffs' damages are substantial and well in excess of the jurisdictional minimums of this court.   Many elements of damage, including pain, suffering, and mental anguish in the past and future, cannot be determined with mathematical precision.   Furthermore, the determination of many of these elements of damage is peculiarly within the province of the jury.   Plaintiffs do not at this time seek any certain amount of damage for any of these particular elements of damage, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them (and/or deter the conduct of the Defendants if they find gross negligence).   However, because the Defendants have invoked a Rule that requires Plaintiffs to state the maximum amount that Plaintiffs could be entitled to (even before discovery is completed, at this time, Plaintiffs specifically plead that their damages exceed $1,000,000, but are not in excess of $25,000,000.   However, because discovery is not complete Plaintiff reserves the right to either file a trial amendment or an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

A.     PERSONAL INJURY DAMAGES OF ESMERALDA JASMINE MENDEZ

8.2     As a result of the incident in question, Plaintiff Esmeralda Jasmine Mendez has sustained disabling injuries, physical pain and mental anguish.   Plaintiff Esmeralda Jasmine Mendez has sustained past and future reasonable and necessary medical expenses for the care and treatment of her injuries, a loss of wages and loss of earning capacity, both past and future, physical impairment, both past and future, physical pain and mental anguish, both past and future, disfigurement, loss of household services, and a diminution of enjoyment of life, both past and future, all to his damage in an amount

which has not been ascertained, but which is in excess of the minimum jurisdictional limits of this court.

**B.     DAMAGES OF EVELAIDY MENDEZ**

8.3     As a result of the incident in question, Evelaidy Mendez has incurred reasonable and necessary medical expenses in the past relating to the medical care received by Esmeralda Jasmine Mendez who was a minor when the incident in question occurred.  Plaintiff seeks to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

## IX.     PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1     Plaintiffs seeks pre-judgment and post-judgment interest as allowed by law.

## X.   DISCOVERY TO DEFENDANTS

10.1     Pursuant to Rule 194, each Defendant is hereby requested to disclose within 50 days of service of this request, all information and material described in Rule 194.2, Texas Rules of Civil Procedure.

## XI.   JURY DEMAND

11.1     Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant take notice of the filing of this Action, that this cause be set down for trial before a jury, and that upon final hearing of this cause, that Plaintiffs have judgment of and from Defendant for the damages in such amount as the evidence may show, and the jury may determine, to be proper, together with costs of Court, pre-judgment and post-judgment interest as heretofore provided by law, and for such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**WIGINGTON RUMLEY DUNN & BLAIR, LLP.**
123 North Carrizo Street
Corpus Christi, TX  78401
Telephone:     (361) 885-7500
Facsimile:     (361) 885-0487

By:     _/s/ L. Cullen Moore_____
        David L. Rumley
        State Bar No. 00791581
        drumley@wigrum.com
        L. Cullen Moore
        cmoore@wigrum.com
        State Bar No.: 14360025
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

        The undersigned attorney does hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record as listed below, by the method of service indicated, on this the ___23rd___ day of October, 2020.

Clinton V. Cox, IV                                                        **Via E-Filing**
Dennis Postiglione
COX P.L.L.C.
7859 Walnut Hill Lane, Suite 310
Dallas, Texas 75230
ccox@coxpllc.com
dpostiglione@coxpllc.com

                    _/s/ L. Cullen Moore_____
                    L. Cullen Moore