UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ESMERALDA MENDEZ and EVELAIDY MENDEZ, §§§§ *Plaintiffs*, § v. § § FIT TRANSPORT LOGISTICS, INC., § DIALVAN, INC., and HERMILO § GARZA, JR., § § *Defendants*. § | EP-20-CV-00270-DCG |

## MEMORANDUM ORDER REMANDING CASE

Presently before the Court is Plaintiffs Esmeralda Mendez and Evelaidy Mendez's opposed "Motion to Remand" (ECF No. 2) filed pursuant to 28 U.S.C. § 1447(c) on October 30, 2020.  On August 11, 2020, Plaintiffs initiated this lawsuit, a personal injury case, in the 341st Judicial District Court of Webb County, Texas, under Cause No. 2 2020CVA001400D3. Plaintiffs seek damages for injuries they suffered in an automobile accident that occurred near Cotulla, Texas.  On October 23, 2020, Plaintiffs filed an amended petition in the state court, alleging damages exceeding $1,000,000, but are not in excess of $25,000,000.  On October 29, 2020, Defendants FIT Transport Logistics, Inc., Dialvan, Inc., and Hermilo Garza, Jr. removed the case to this Court premised upon diversity jurisdiction, 28 U.S.C. § 1332(a).  Notice of Removal at 1, ECF No. 1.

In the instant motion, Plaintiffs ask the Court to remand the case to the 341st Judicial District Court of Webb County, Texas, on the ground that the case was improperly removed, and further ask for award of attorney's fees.  Defendants did not file a response to the motion, and the deadline for filing such a response has long passed.

### A.  Remand is Warranted

Plaintiffs argue that removal is improper because Defendants are all residents of Texas and the lawsuit was brought in a Texas court.  Generally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).  A defendant may remove a civil case brought in state court to the federal district court in which the case could have been brought.  28 U.S.C. § 1441(a).  "In diversity cases, there is an additional limitation on removal, known as the forum-defendant rule." *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020).  The rule provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under [28 U.S.C. § 1332(a)] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  § 1441 (b)(2).

"The removal bar of 28 U.S.C. § 1441(b), however, is procedural and not jurisdictional." *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943–44 (5th Cir. 2019).  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. § 1447(c).  [P]rocedural defects require the action[ ] be[ ] remanded to state court only if plaintiff files a [timely] motion to remand." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020); *see also Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 283–84 (5th Cir. 2004) ([W]ithout a motion from a party, the district court's remand order [based on procedural defects] is not authorized by § 1447(c).").

Here, Defendants were served with Plaintiff's state-court petition.  Notice of Removal at 3.  For purposes of diversity jurisdiction, Plaintiffs are citizens of Florida.  *Id.* at 1; Pl.'s Am.

Original Pet. at ¶¶ 2.1–2.2, ECF No. 1.  Defendants are all citizens of Texas: Defendant Fit Transport Logistics, Inc. is Texas corporation with a principal office in Laredo, Texas; Defendant Dialvan, Inc. is a Texas corporation with a principal office in San Antonio, Texas; and Defendant Hermilo Garza, Jr.is an individual residing in Laredo, Texas.  Notice of Removal at 1; Pl.'s Am. Original Pet. at ¶¶ 2.3–2.5.  Consequently, there is no jurisdictional defect under 28 U.S.C. § 1332(a); *see* Notice of Removal at 3 (arguing that complete diversity exists pursuant to 28 U.S.C. § 1332(a)(1)).  However, pursuant to § 1441(b), the removal was improper.  Because Plaintiffs timely filed the instant motion, remand is warranted.

Moreover, the Court notes a second procedural defect in removal here—which constitutes an independent ground for remand.  *Schexnayder*, 394 F.3d at 284 (rejecting the argument that district court may not *sua sponte* consider a procedural defect that is not raised in plaintiff's timely-filed motion for remand based on other procedural defects).  Section 1441 requires removal "to the district court of the United States for *the district and division* embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added).  "[R]emoval to the incorrect judicial district is procedural error." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 550 (5th Cir. 2020).  Here, the case was filed and pending in the 341st Judicial District Court of Webb County, Texas, and Webb County falls within the Southern District of Texas—not Western District of Texas.  *Compare* 28 U.S.C. § 124(b)(3) (providing the Southern District of Texas as comprising Webb County), *with id.* § 124(d)(3) (providing the Western District of Texas as comprising El Paso County).

### B. Attorney's Fee Award

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "However,

there is no automatic entitlement to an award of attorney's fees." *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541 (5th Cir. 2012) (internal quotations and citation omitted). "Rather, a court may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *Id.* at 542 (same). "A defendant's subjective good faith belief that removal was proper is insufficient" to defeat a motion for attorney's fee award under § 1447(c). *Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 298 (5th Cir. 2017).

Plaintiffs' counsel submitted an affidavit, wherein he states that he spent four hours in reviewing the removal; drafting correspondence to counsel for the Defendants; and drafting the motion to remand and the affidavit. Moore Aff. at ¶ 5, ECF No. 2-1. He states that his hourly rate is $350. *Id.* at ¶ 6. Plaintiffs therefore seek an award of $1,400 in attorney's fees. *Id.* Defendants did not file a response to the instant motion. Consequently, the Court has no basis to deny Plaintiff's request for fees or reduce the requested fee amount. Accordingly, the Court, exercising its discretion, awards $1,400 to Plaintiffs.

### C.  Conclusion

For the foregoing reasons, **IT IS ORDERED** that the above-captioned action is **REMANDED** to the 341st Judicial District Court of Webb County, Texas.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants **SHALL PAY $1,400** to Plaintiffs.

So ORDERED and SIGNED this __10th__ day of December 2020.

*/s/ David C. Guaderrama*
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**